IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KATHERYN MICHELLE FIALA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 11-4312-CV-C-JCE-SSA |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

## ORDER

This case involves the appeal of a final decision of the Secretary denying plaintiff's application for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq., and her application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. Pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), this Court may review the final decisions of the Secretary. Pending before the Court at this time are plaintiff's brief, defendant's reply brief in support of the administrative decision, and plaintiff's reply. For the reasons stated herein, the Secretary's decision will be remanded pursuant to sentence four of 42 U.S.C. §405(g).

Standard of Review

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well-settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

## Discussion

Plaintiff was 45 years old at the time of the hearing before the ALJ. She completed the 11th grade. She has past relevant work as an nursing home assistant. She alleges disability due

to cervical disc degeneration, neck problems, pain, and headaches. At the hearing before the ALJ, she also alleged disability due to depression and anxiety.

The ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 28, 2009. It was the ALJ's finding that plaintiff suffers from the severe impairments of degenerative disc disease and cervicalgia. She found that plaintiff was not totally credible. It was the ALJ's finding that plaintiff has the Residual Functional Capacity ["RFC"] to perform a wide range of sedentary work. She found that plaintiff could not perform her past relevant work, but that based on the testimony of the vocational expert, she could perform the job of packing medical supplies, and optical goods assembly. Therefore, she found that plaintiff was not under a disability under the Act.

Plaintiff contends that the ALJ's decision was not supported by substantial evidence, nor was it based on correct legal standards. She asserts that the ALJ erred as a matter of law in failing to consider all of the evidence, including third party observations and information; that the ALJ committed legal error in weighing the opinion of a single decision maker as a medical expert; that she erred in her credibility determination; that she erred by failing to properly assess plaintiff's RFC; and that she summarily concluded that plaintiff had not been diagnosed with any mental impairment. Plaintiff requests that the case either be reversed, or alternatively, be remanded to the Commissioner to rectify the ALJ's errors. Plaintiff asserts that the rationale provided by defendant in its brief to justify the ALJ's errors should be rejected because the reasons given by defendant were not articulated by the agency.

The Court has carefully reviewed the decision of the ALJ. While defendant sets forth various arguments in support of the ALJ's decision, the Court finds the record does not fully support these arguments. "[A] reviewing court may not uphold an agency decision based on

reasons not articulated by the agency," when "the agency [has] fail[ed] to make a necessary determination of fact or policy. . . ." Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001) (citations omitted).

In terms of the weight given to the single decision maker, defendant concedes that the ALJ erroneously referred to the opinion of the single decision maker as that of a medical consultant, but submits that she never actually referred to him as a medical doctor. It is defendant's position, additionally, that the ALJ did not err in weighing that opinion because she formulated a different RFC than that assessed by the single decision maker. It is also asserted that although the ALJ referred to the state agency employee's assessment in her written decision, she did not state that she was assigning it any weight. Defendant submits that even though the RFCs are similar, they are not identical. The ALJ limited plaintiff to unskilled work, no head rotation more than one-third of the time, and no repetitive overhead reaching, but did not include any limitations on balancing and climbing, as the state agency employee did. "The ALJ did not improperly rely on a state agency employee's assessment." [Defendant's Brief at 16].

The RFC is a medical question, and the ALJ's assessment must be supported by substantial evidence. Hutsell v. Massanari, 259 F.3d 701, 711 (8th Cir. 2001). Plaintiff contends that the ALJ clearly relied, at least in part, on an opinion she thought was from a medical consultant, and did not mention any other evidence in formulating the RFC.

Defendant agrees that a single decision maker's opinion is not medical evidence, but that in this case it was not improperly considered by the ALJ. It is argued that the RFC assessed by the ALJ was supported by substantial evidence even absent the single decision maker's opinion, and that the ALJ did not actually rely on the single decision maker's report. The Court finds this argument to be unconvincing. It appears that the ALJ relied on the single decision

maker's opinion, perceiving it to be the opinion of a medical consultant. A review of the record indicates that the ALJ included Kim Miller's RFC in the recitation of the evidence, when she stated that "Kim W. Miller, *state agency medical consultant* reviewed the claimant's medical record and completed a physical [RFC] form dated April 6, 2010." [Tr. 11] [emphasis added]. The ALJ then reported Mr. Miller's finding that plaintiff suffered from cervicalgia and degenerative disc disease, and delineated the RFC assessed by Mr. Miller. In her conclusions, the ALJ stated that "*[s]tate agency medical consultant* Kim Miller found that the claimant could perform sedentary work provided she avoids overhead reaching and the climbing of ladders, ropes, and scaffolds." [Tr. 12]. The ALJ then concluded that plaintiff had the RFC "to perform a wide range of sedentary work activity." [Id.]. She included restrictions on head rotation, and added that plaintiff was able to sustain concentration necessary for unskilled work, which resulted in an RFC that was not identical, but very similar, to that of the single decision maker. The ALJ made no other reference to a medical opinion in assessing plaintiff's RFC. She did state that there was no indication that plaintiff experienced side effects from medication, which the Court notes is contradicted by the record. She observed that plaintiff suffered pain from her musculoskeletal impairments, noted that she has pain from headaches, and found that the evidence did not support a finding that the level of her daily activities would preclude her from engaging in all work activities. Otherwise, the record is devoid of any statement by the ALJ regarding the basis of her RFC finding, other than her apparent reliance on the single decision maker's findings and her apparent assumption that she was a medical consultant.

Having fully reviewed the record, the Court finds that this case should be reversed and remanded under sentence four for further consideration and a new decision. On remand, the ALJ should obtain medical expert evidence regarding plaintiff's RFC. In this case, it is not clear

whether the RFC finding was unduly influenced by the findings of a single decision maker, who was not a medical consultant and did not have the credentials to formulate plaintiff's RFC. Therefore, it must be ordered that the case be remanded under sentence four for further consideration.

For the foregoing reasons, it is hereby

ORDERED that the decision of the Commissioner be reversed, and that this matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with this opinion.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 8/21/12